IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KELVIN MAURICE HORNE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:17CR288-1 |
| | ) | 1:21CV222 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On March 6, 2018, this Court (per United States District Judge William L. Osteen, Jr.) entered a Judgment against Petitioner imposing consecutive prison terms of 152 and 64 months, as a result of his guilty plea to conspiring to distribute a methamphetamine mixture, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and distributing 50 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), both while on pretrial release in United States v. Horne, No. 1:16CR304-3 (M.D.N.C.), in violation of 18 U.S.C. § 3147(1). (Docket Entry 45 at 1-2; see also Docket Entry 1 (Indictment); Docket Entry 26 (Factual Basis); Docket Entry 27 (Plea Agt.); Docket Entry 69 (Plea Hrg. Tr.); Docket Entry 70 (Sent'g Hrg. Tr.).)[1] Petitioner did not appeal. (See Docket Entry 103, ¶ 8.)

On September 10, 2018, the Clerk docketed a letter from Petitioner dated August 24, 2018 (see Docket Entry 58 ("Letter

---

[1] Parenthetical citations refer to Petitioner's above-captioned federal criminal case.

Motion") at 1), asking "if [the Court] could take the 2 point gun enhancement off [his] case" (id.; see also id. (commenting that "no one was charged with a gun in [Petitioner's] case" and that "[his] wife got her 2 point enhancement taken off")). Ten days later, the undersigned Magistrate Judge "recommended that th[e Letter Motion] be filed and dismissed sua sponte without prejudice to Petitioner promptly filing a corrected motion on the proper [28 U.S.C.] § 2255 forms." (Docket Entry 59 at 2 (all-caps font and italics omitted); see also id. (directing Clerk's Office to send Petitioner proper "forms and instructions").)

That recommendation explained that:

> [The] Letter [Motion] . . . seeks to challenge the sentence [Petitioner] received in this Court. The document he filed is not a recognizable method for achieving that goal. Instead, the proper avenue for such an attack is ordinarily a motion . . . pursuant to 28 U.S.C. § 2255. For this reason, th[is recommendation] will construe the [Letter Motion] as such a motion. However, the [Letter] Motion cannot be further processed for the following reasons:
> 1. The [Letter] Motion is not on the proper § 2255 form.
> 2. Petitioner does not appear to state any claim for relief. He seeks to challenge a sentencing enhancement applied under the United States Sentencing Guidelines. However, an erroneous enhancement under the advisory Guidelines is not cognizable on collateral review. United States v. Foote, 784 F.3d 931, 942-43 (4th Cir. 2015).

(Id. at 1; see also Docket Entry 60 at 1 (notifying Petitioner of his right to file objections to above-quoted recommendation and of consequences of failing to object).) Without objection by

2

Petitioner, on October 22, 2018, the Court (per Judge Osteen) "adopted" that recommendation and "dismissed [the Letter Motion] without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 [form] correcting the defects set out in the [above-quoted r]ecommendation." (Docket Entry 62 at 1.)

Petitioner did not promptly file a corrected motion under Section 2255 after the dismissal of the Letter Motion on October 22, 2018; rather, per his own "declar[ation] . . . under penalty of perjury . . . [, his] Motion under 28 U.S.C. § 2255 [to Vacate, Set Aside, or Correct Sentence] was placed in the prison mailing system on March 16, 2021." (Docket Entry 103 ("Section 2255 Motion") at 12; see also id. at 1 (bearing docket-stamp dated March 19, 2021).)[2] The Section 2255 Motion presents one ground for relief: "IAC - Failure To Adequately or Meaningfully Explain Relevant Law to Petitioner." (Id., ¶ 12(Ground One); see also id., ¶ 12(Ground One)(a) (alleging that Petitioner's "[f]ormer [a]ttorney . . . [f]ailed to adequately or meaningfully explain 18 U.S.C. [§] 3147(1) to Petitioner during critical plea proceeding stages causing Petitioner to unknowing [sic], [i]nvoluntarily and

---

[2] Page citations to the Section 2255 Motion refer to the page numbers in the footer appended to the Section 2255 Motion upon its docketing in the CM/ECF system (not to any internal pagination).

3

without a competent understanding plead guilty to 64 consecutive months imprisonment" (stray dash omitted)).)[3]

The United States responded by filing a Motion to Dismiss, which argues that, "[b]ecause [Petitioner's J]udgment became final on March 20, 2018 and he did not file th[e Section 2255 M]otion within one year, his [Section 2255 M]otion is untimely and should be dismissed." (Docket Entry 106 at 1.) In particular, "[t]he government move[d] to dismiss [the Section 2255 M]otion as barred by the statute of limitations in 28 U.S.C. § 2255(f)[]." (Id. at 5.) That provision states that "[a] 1-year period of limitation shall apply to a motion under [ S]ection [2255]." 28 U.S.C. § 2255(f). Further, under Subsection 2255(f):

---

[3] As the United States has observed, the Section 2255 Motion's "claim of ineffective assistance of counsel in no way relates back to his initial timely claim [in the Letter Motion]." (Docket Entry 106 at 5 n.2.) At most, under the circumstances presented, the relation-back doctrine could save a new claim "that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading," Fed. R. Civ. P. 15(c)(1)(B); see also Fed. R. Civ. P. 15(c)(1)(A) & (C) (allowing relation-back where statutory authority so dictates and amendment merely involves non-prejudicial party change, respectively). Moreover, "conduct, transaction, or occurrence" does not mean a petitioner's entire criminal proceeding. Mayle v. Felix, 545 U.S. 644, 664 (2005). Instead, only claims linked as to "time and type" with timely filed claims "relate back." United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000) (internal quotation marks omitted). The Section 2255 Motion's claim that Petitioner's counsel provided ineffective assistance at the plea stage by failing to properly advise Petitioner about Section 3147(1) differs both in time of occurrence and type of claim from the Letter Motion's claim that the Court mistakenly applied a Guidelines provision at Petitioner's sentencing hearing.

4

> [t]he limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under Paragraph (1) of Subsection 2255(f), Petitioner's one-year limitation period for seeking relief under Section 2255 commenced no later than on or about March 20, 2018, "upon the expiration of the fourteen-day period for filing a direct appeal [after entry of the Judgment]," United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (citing Clay v. United States, 537 U.S. 522, 525 (2003), and Fed. R. App. P. 4(b)(1)(A)(i), (b)(6)). That one-year limitation period then expired on or about March 20, 2019, almost two years before Petitioner submitted his Section 2255 Motion to prison officials for mailing on March 16, 2021 (as documented above). Moreover, as the Motion to Dismiss articulates, the Section 2255 Motion "[does] not claim[] that an impediment created by unlawful governmental action prevented him

5

from pursuing relief, § 2255(f)(2); that he is asserting a right newly-recognized by the Supreme Court, § 2255(f)(3); or that his claim is based on recently-discovered facts that due diligence could not have previously revealed, § 2255(f)(4)." (Docket Entry 106 at 5-6; see also Docket Entry 103, ¶ 18 (offering no allegations in response to directive stating that, "[i]f your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion").)[4]

In opposition to the Motion to Dismiss, however, Petitioner did make an argument invoking Paragraph (2) of Subsection 2255(f):

> Petitioner was [] never advised by former counsel of the statutory limitations set out in the §2255 habeas proceeding, as [] Petitioner lost all communications with the former attorney directly after the federal sentencing proceedings were completed. Therefore, being a layman of the law and based by [sic] the fact that [] Petitioner did not file a direct appeal after the sentencing hearing was conducted, [] Petitioner had no independent agent to apprise and/or admonish [] Petitioner of the statutory warnings associated with the proceedings. Therefore[,] Petitioner would position [sic] in defense for himself that the delay in filing a timely issue [sic] in this proceeding was based solely on the fact that an officer of the court has caused the delay and tardiness in the proceeding.
>
> . . . .

---

[4] Notably, a footnote appended to Paragraph 18 on the form document Petitioner used for the Section 2255 Motion sets out the delayed accrual provisions recognized in Subsection 2255(f). (See Docket Entry 103 at 11 n.*.)

6

> In light of the foregoing, [P]etitioner respectfully submits that [the Section 2255] Motion should not be dismissed as untimely under 28 U.S.C. §2255(f)(2).

(Docket Entry 108 at 3 (stray hyphen, comma, underscoring, and internal citation omitted) (citing 28 U.S.C. § 2255(f)(2)).)

That argument lacks merit. See, e.g., United States v. Wiseman, 767 F. App'x 696, 700 (10th Cir. 2019) ("The lack of legal training or counsel is not an impediment under § 2255(f)(2)." (italics omitted)); Webb v. United States, 679 F. App'x 443, 449 (6th Cir. 2017) (rejecting contention that counsel's failure to consult with defendant after entry of judgment constituted "'governmental action' that prevented him from making his § 2255 motion on time" (quoting 28 U.S.C. § 2255(f)(2))); Jaramillo v. United States, Nos. CR15-8236, CV-19-8017, 2020 WL 3001783, at *4 (D. Ariz. May 11, 2020) (unpublished) ("Defense counsel, regardless if employed or paid by the government, is the defendant's agent, not the Government's. Such [counsel's] incompetence, assuming it occurred, is not the type of governmental impediment envisioned [by] § 2255(f)(2)."), recommendation adopted, 2020 WL 2991584 (D. Ariz. June 4, 2020) (unpublished); Muhammad v. United States, Nos. 1:14CR36, 1:17CV23, 2018 WL 442802, at *7 (S.D. Miss. Jan. 16, 2018) (unpublished) ("[The petitioner's] ignorance of the law . . . does not constitute a government-created impediment. . . . [Section] 2255(f)(2) is inapplicable."); Silva-Isais v. United States, No. 1:11CR178, 2014 WL 37245, at *2 (E.D. Cal. Jan. 6,

7

2014) (unpublished) ("[The petitioner] argues that he was prevented from 'making his motion' due to his counsel's conduct. § 2255(f)(2) applies to situations in which the movant was prevented from making a motion due to governmental action. Thus, § 2255(f)(2) does not apply." (internal citation omitted)); Ray v. United States, Nos. 8:07CR497-T-27, 8:12CV2429T-27, 2013 WL 6388574, at *3 (M.D. Fla. Dec. 6, 2013) (unpublished) ("[The p]etitioner cannot obtain relief because Section 2255(f)(2) specifically applies to governmental action, not the action or inaction of a petitioner's counsel.").[5]

Finally, "Petitioner [has] posit[ed ] that the Constitutional infirmity averred within the [Section 2255] Motion, i.e., ineffective assistance of counsel for failing to adequately or meaningfully explain the relevant law to [] Petitioner at any time during the critical stages of the case, should never be time-barred" (Docket Entry 108 at 1); however, "[a]n untimely § 2255 motion presents the government with an affirmative defense that precludes [the C]ourt from granting relief on the merits of [Petitioner's] claims. Thus, the [C]ourt [i]s obliged to determine

---

[5] Even if re-cast as an argument for equitable tolling, Petitioner's allegations about lack of knowledge of the one-year limitations period under Subsection 2255(f) fall short. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); see also United States v. MacDonald, 966 F.2d 854, 859 n.9 (4th Cir. 1992) ("Prisoners have no right to counsel in a collateral proceeding.").

8

the timeliness of [the Section 2255 M]otion before delving into the merits of [Petitioner's] constitutional claims." Grady v. United States, 269 F.3d 913, 919 (8th Cir. 2001).

In sum, the Section 2255 Motion fails as a matter of law due to its untimeliness.

**IT IS THEREFORE RECOMMENDED** that the Motion to Dismiss (Docket Entry 106) be granted and that the Section 2255 Motion (Docket Entry 103) be dismissed without issuance of a certificate of appealability.

                                            /s/L. Patrick Auld
                                              **L. Patrick Auld**
                                  **United States Magistrate Judge**
July 11, 2023

9

Case 1:17-cr-00288-WO    Document 117    Filed 07/11/23    Page 9 of 9