IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KEVIN MAURICE HORNE,            )
                                )
            Petitioner,          )
                                )   1:24CV782
      v.                         )   1:17CR288-1
                                )
UNITED STATES OF AMERICA,       )
                                )
            Respondent.          )

RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner previously convicted in this Court, submitted a document titled as a Petition (Docket Entry 136) seeking a writ of error coram nobis under 28 U.S.C. § 1651. In it he seeks to attack the conviction or sentence he received in this Court. However, the document he filed is not a proper method for achieving this goal. Federal courts can only grant a writ of error coram nobis pursuant to 28 U.S.C. § 1651 in order to vacate a conviction where "'(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.'" United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (quoting Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)). Here, Petitioner has another remedy available in the form of a motion under 28 U.S.C. § 2255. Petitioner already pursued such a Motion [No. 1:21CV222] unsuccessfully. However, "the

remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir.1997). For this reason, Petitioner's filing under § 1651 is not proper and the Court will construe the submission as a Motion under § 2255. The Motion cannot be further processed because, as noted earlier, court records reveal that Petitioner previously filed a § 2255 motion. Consequently, Petitioner must move in the United States Court of Appeals for the Fourth Circuit for an order authorizing this district court to consider the current Motion, as required by 28 U.S.C. § 2255 and 28 U.S.C. § 2244. See AO 243 (MDNC 10/07), Instructions, ¶ (4) (copy enclosed). Because of this pleading failure, this particular Motion should be filed and then dismissed.

      IT IS THEREFORE RECOMMENDED that this action be filed and then dismissed *sua sponte* for failure to obtain certification for this § 2255 application by filing a Motion for Authorization in the court of appeals as required by 28 U.S.C. §§ 2255 and 2244 and Fourth Circuit Local Rule 22(d) and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

      IT IS THEREFORE ORDERED that the Clerk send Petitioner a copy of this Recommendation, instruction forms for filing § 2255 motions in this Court and Motions for Authorization in the court of appeals, and four copies of § 2255 motion forms (more copies will be sent on request). Petitioner should keep the original and two copies of the § 2255

-2-

Case 1:17-cr-00288-WO    Document 137    Filed 10/01/24    Page 2 of 3

motion which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

This, the 1st day of October, 2024.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
